CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 06 2006
JOHN F. CORCORAN, CLERK
BY: McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOUGLAS LEE LINCOLN,<br>Plaintiff, | )<br>)<br>) | Civil Action No. 7:06CV00506 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| JOHN B. COLEMAN, et al.,<br>Defendants. | )<br>)<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Douglas Lee Lincoln, a pre-trial detainee proceeding pro se, filed this action under 42 U.S.C. § 1983. On November 18, 2005, a grand jury in the Circuit Court for the City of Bristol indicted Lincoln on the class 3 felony charge of malicious wounding. A trial is scheduled to commence on September 15, 2006. Meanwhile, plaintiff is confined in the Bristol City Jail.

In his complaint, Lincoln alleges the following: he was not timely presented with a grand jury indictment; he has not been permitted to review the evidence in the case against him; ineffective assistance of his court-appointed counsel; and violations of his right to due process. The crux of plaintiff's argument is that he has been "illegally confined" for "a crime [he] did not commit." Lincoln seeks $750,000 in damages and his immediate release from jail.

Upon consideration of Lincoln's complaint, I find that his claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.*

I.

A § 1983 action is not the proper vehicle to challenge the fact or duration of confinement. Presier v. Rodriguez, 411 U.S. 475, 484 (1973) (holding that challenges to the validity of confinement or the particulars of its duration are properly raised in a habeas corpus action). "[A] state prisoner's § 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of

---

* 28 U.S.C. § 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005) (finding that a claim challenging state procedures in denying parole *could* be brought under § 1983 because, if successful on his claims, the plaintiff would be entitled to a new parole hearing, at most). In this case, Lincoln clearly contests the validity of his confinement in the Bristol City Jail. Such a claim cannot be brought under § 1983 and, therefore, must be dismissed.

## II.

Plaintiff's claim for damages also must be dismissed. In order to recover damages for unlawful confinement, Lincoln must demonstrate that his current confinement was "declared invalid by a state tribunal authorized to make such determination" or that it was "called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). As Lincoln has not established that his confinement has been declared invalid by a state tribunal, nor that a writ of habeas corpus has been issued, his claim for damages must be dismissed.

## III.

For the stated reasons, Lincoln's complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to the plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 6th day of September, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

2